UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCES RODRIGUEZ,                              Case No:

**Plaintiff,**

v.

INFINITY GOLD INVESTMENT CORP,
**Defendant.**

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Frances Rodriguez, by and through her undersigned counsel, hereby brings this action against Defendant, Infinity Gold Investment Corp, for unpaid overtime wages, unlawful pay practices, and whistleblower retaliation, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201–216, and the Florida Private Whistleblower Act, Fla. Stat. §§ 448.101–448.105. In support of her Complaint, Plaintiff states as follows:

Parties

1. Plaintiff, Frances Rodriguez is a resident of Hillsborough County, Florida.

2. Defendant, Infinity Gold Investment Corp., is a short-term rental company operating in Hillsborough County, Florida.

3.    At all times material hereto, Defendant employed ten (10) or more employees and was an employer within the meaning of the Florida Private Whistleblower Act, Fla. Stat. § 448.101(3).

## Jurisdiction and Venue

4.    Plaintiff resides in Hillsborough County, Florida.

5.    Defendant conducts business in Hillsborough County, Florida.

6.    Defendant employed Plaintiff in Hillsborough County, Florida.

7.    All events giving rise to this action occurred in Hillsborough County, Florida.

8.    This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's Florida Private Whistleblower Act claim pursuant to 28 U.S.C. § 1367.

9.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this District and the events giving rise to Plaintiff's claims occurred in this District.

## Facts

10.    Plaintiff was employed by Defendant from January 21, 2025, until her termination on February 4, 2026.

11. Plaintiff was initially hired as an Assistant Property Manager at an hourly rate of $18.00.

12. In or around late July 2025, Plaintiff began performing the duties of a Property Manager and was paid at an hourly rate of $20.00.

13. Plaintiff's primary duties consisted of performing routine, non-managerial tasks, including handling day-to-day operational matters for Defendant's properties, communicating with guests, conducting property tours as directed, and contacting vendors or maintenance personnel when repairs were needed, subject to Defendant's approval.

14. Plaintiff's duties were primarily clerical and operational in nature and did not involve the exercise of independent judgment or discretion on matters of significance.

15. Plaintiff is a non-exempt employee who was paid on an hourly basis.

16. Throughout her employment, Plaintiff has regularly worked in excess of 40 hours per week without being paid overtime compensation for those additional hours.

17. Plaintiff typically worked approximately 50 hours per week.

18. Plaintiff was required to begin work earlier and finish later on a daily basis.

19.    Plaintiff was instructed by her supervisors to conduct apartment tours and handle work-related matters outside of her scheduled hours without compensation.

20.    Defendant did not pay Plaintiff overtime wages for *all* hours worked beyond 40 in a single workweek.

21.    At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

22.    Plaintiff desired to be paid overtime wages for all hours worked beyond 40 in a single workweek, as required by the FLSA.

23.    Plaintiff was not paid overtime wages for any of the hours Plaintiff worked beyond 40 in a single workweek worked while employed by Defendant.

24.    Plaintiff was not subject to any overtime exemptions or exceptions as she was compensated on an hourly basis and performed non-exempt duties.

25.    Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all overtime hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided. Essentially, Defendant engaged in a policy and practice of requiring Plaintiff to perform work without proper compensation.

26. Defendant failed, refused, and neglected to maintain an accurate record of the hours worked by Plaintiff despite the mandate contained in 29 C.F.R. § 516.

27. Defendant failed to pay Plaintiff at one-and-one-half-times her regular rate for all hours worked beyond 40 in a single workweek.

28. As of this filing, Plaintiff still has not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

29. Plaintiff's compensation included commissions as part of her employment with Defendant.

30. Defendant failed to include Plaintiff's commissions in her W-2 wages.

31. Instead, Defendant improperly classified such commissions as non-employee compensation and reported them on a Form 1099-NEC.

32. Plaintiff contacted Defendant to inquire why her commissions were being reported as 1099 income rather than included in her W-2 wages.

33. Defendant informed Plaintiff that such commissions were paid by a separate entity, West Knox Group LLC.

34. Plaintiff was never informed, either in her offer letter or in any agreement, that her commissions would be paid by a separate entity or treated as independent contractor income.

35. Plaintiff did not enter into any contract or agreement with West Knox Group LLC.

36. At all relevant times, Plaintiff performed work solely within the scope of her employment with Defendant, Infinity Gold Investment Corp.

37. Defendant's failure to include Plaintiff's commissions in calculating her regular rate of pay resulted in the underpayment of overtime compensation in violation of the Fair Labor Standards Act.

38. Plaintiff seeks full compensation, including unpaid overtime wages, back pay, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff overtime wages was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

39. Defendant is a for-profit corporation that operates and conducts business in, among others, Hillsborough County Florida, and is therefore, within the jurisdiction of the Court.

40. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities in the short-term rental industry.

41. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of unpaid overtime wages, liquidated damages, reasonable attorney's fees, and costs.

42. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, Florida including those brought pursuant to the FLSA.

43. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant organization, suggests that the Defendant is a multi-million-dollar operation that has considerable expertise in the short-term rental service industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

44. At all material times relevant to this action, Plaintiff, in her capacity as a Property Manager, was individually covered by the FLSA.

45. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records, daily timesheets, and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of her employment.

46. Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

47. In addition to the wage violations described above, Plaintiff was instructed during her employment to engage in conduct that constituted fraud.

48. Specifically, Plaintiff was directed by Defendant's CEO to provide false information to a city inspector regarding the installation date of a fence.

49. The requested conduct required Plaintiff to knowingly provide false information to a governmental authority.

50. Plaintiff refused to engage in the requested fraudulent conduct.

51. Following Plaintiff's refusal, Defendant began taking adverse actions against Plaintiff, including threats of termination.

52. Plaintiff's employment was ultimately terminated as a result of her refusal to participate in fraudulent and unlawful conduct.

53. Defendant's actions constituted retaliation for Plaintiff's refusal to engage in illegal conduct in violation of the Florida Private Whistleblower Act, Fla. Stat. § 448.102.

54. Defendant employed ten (10) or more employees during the relevant time period and is therefore subject to the Florida Private Whistleblower Act.

## COUNT I – FAILURE TO PAY PROPER OVERTIME
## COMPENSATION AND PROPER REGULAR RATE UNDER THE FLSA

55.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-54, above.

56.    Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

57.    Plaintiff was a non-exempt, hourly employee entitled to receive overtime wages.

58.    Defendant violated the FLSA by failing to compensate Plaintiff at one and one-half times her regular rate of pay for all hours worked in excess of forty (40) in a workweek.

59.    Defendant failed to include Plaintiff's commissions in calculating her regular rate of pay, resulting in the underpayment of overtime compensation.

60.    Defendant failed to properly include all remuneration in Plaintiff's "regular rate" as defined under 29 C.F.R. § 778.109.

61.    Plaintiff regularly worked in excess of forty (40) hours in one or more workweeks.

62.    Defendant maintained a policy and practice of failing to properly compensate Plaintiff for all overtime hours worked.

63.    Defendant's violations of the FLSA were willful.

64.    As a direct and proximate result of Defendant's violations, Plaintiff suffered damages, including unpaid overtime compensation and liquidated damages.

65. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to recover unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, and all other relief available under the FLSA.

66. Plaintiff demands a trial by jury.

## COUNT II – WHISTLEBLOWER RETALIATION (In violation of Florida Private Whistleblower Act)

67. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-54, above.

68. Plaintiff engaged in protected activity by refusing to participate in Defendant's unlawful conduct, including providing false information to a governmental authority.

69. Plaintiff objected to and refused to participate in Defendant's unlawful conduct.

70. At all times material hereto, Defendant employed ten (10) or more employees and was an employer subject to the Florida Private Whistleblower Act.

71. Defendant retaliated against Plaintiff because she refused to participate in Defendant's activity, policy, or practice that violated the law, in violation of the Florida Private Whistleblower Act, Fla. Stat. § 448.102(3).

72. Defendant subjected Plaintiff to adverse employment actions, including termination.

73.     There is a causal connection between Plaintiff's protected activity and Defendant's adverse employment actions.

74.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

75.     Plaintiff demands trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, unpaid overtime wages, unpaid compensation, liquidated damages, back pay, compensatory damages, punitive damages where permitted by law, together with costs and attorney's fees pursuant to the Fair Labor Standards Act, the Florida Private Whistleblower Act, and other applicable laws, and such other and further relief as this Court deems just and proper.

RESPECTFULLY submitted on July 2, 2026.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
1971 West Lumsden Road
Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com